UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANJELA GREER,

                Plaintiff,

v.                                            Case No. 16-1185-EFM

CITY OF WICHITA, KANSAS, et al.,

                Defendants.

## ORDER

Defendants Wichita Art Museum, Inc. and Patricia McDonnell have filed a motion to quash or for protective order regarding the Rule 30(b)(6) deposition notice filed by plaintiff (ECF No. 64). For the reasons set forth below, defendants' motion is granted.

On March 10, 2017, plaintiff served Wichita Art Museum, Inc. with a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6), listing 20 topics for examination.[1] Both before and after this notice was served, plaintiff's counsel communicated plaintiff's intent to seek a second Rule 30(b)(6) deposition to inquire about "the factual and legal basis of [Wichita Art Museum, Inc.'s] defenses" once such defenses are asserted—i.e., after the pending partial motion to dismiss (ECF No. 37) is ruled and Wichita Art Museum, Inc. files its answer to the amended complaint.[2]

---

[1] ECF No. 63. Wichita Art Museum, Inc. has identified Patricia McDonnell as its corporate representative.

[2] ECF No. 64 at 14. Since the instant motion to quash or for protective order has been fully briefed, plaintiff has filed a motion for leave to file a second amended

1

Defendants seek to stay the deposition until such time as plaintiff reasonably anticipates being able to complete all necessary areas of inquiry in a single deposition, arguing that a second deposition of the same corporate representative will cause defendants undue burden and expense.³  Alternatively, defendants seek an order precluding plaintiff from deposing Wichita Art Museum, Inc.'s corporate representative a second time.  Plaintiff counters that defendants' motion is procedurally invalid insofar as it seeks an advisory opinion with respect to a second deposition of Wichita Art Museum, Inc.  Additionally, plaintiff claims defendants have not met their burden of demonstrating undue burden or expense.

Fed. R. Civ. P. 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Defendants, as the parties seeking the protective order, must show that good cause exists to warrant such an order.⁴  This requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."⁵

---

complaint (ECF No. 75); defendants have notified the court that the motion is opposed.

³ As stated in the court's March 13, 2017 order (ECF No. 65), the filing of defendants' motion automatically stays the deposition (noticed for March 14, 2017) pending the court's ruling on the motion.

⁴ *Suture Express., Inc. v. Cardinal Health, 200, LLC*, No. 12-2760, 2013 WL 6909158, at *2 (D. Kan. Dec. 31, 2013) (citing *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010)); *Bryan v. Eichenwald*, 191 F.R.D. 650, 651–52 (D. Kan. 2000) (citing *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996)).

⁵ *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, No. 12-2350, 2014 WL 806122, at *3 (D. Kan. Feb. 28, 2014); *see also Bryan*, 191 F.R.D. at 652 (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

Although a close call, the court finds good cause to avoid proceeding in a manner that virtually guarantees two separate Rule 30(b)(6) depositions in this case when one should suffice. Indeed, as a practical matter, the court sees no reason for the deposition to be taken immediately. The expert deadlines in this case have passed and no party has filed a certificate of service with regard to such a disclosure. Thus, presumably the deposition isn't needed to provide information for an expert witness. More importantly, there is no trial setting in this case, and a trial date will not be set until it is determined at the pretrial conference whether it's necessary to extend the dispositive motion deadline. Thus, even if an answer is not filed prior to the June 9, 2017 discovery cutoff and the June 22, 2017 pretrial conference, the court can extend the discovery deadline for this limited purpose, and correspondingly extend the August 1, 2017 dispositive motion deadline.[6]

On or before April 3, 2017, plaintiff shall elect to either: (1) proceed with the deposition confined to the topics that were served previously,[7] with the understanding there'd be no questioning permitted on possible defenses (and with the further understanding that, at least as the record currently stands, the court would be disinclined to allow a second Rule 30(b)(6) deposition); or (2) defer the deposition, as defendants have suggested, until after the presiding U.S. District Judge, Eric F. Melgren, rules the pending partial motion to dismiss (ECF No. 37) and Wichita Art Museum, Inc. files its

---

[6] *See* ECF No. 59.

[7] *See* ECF No. 63.

answer.

    IT IS SO ORDERED.

    Dated March 30, 2017, at Kansas City, Kansas.

                             s/ James P. O'Hara
                             James P. O'Hara
                             U.S. Magistrate Judge