UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANJELA GREER,

                       Plaintiff,

v.                                                          Case No. 16-1185-EFM

CITY OF WICHITA, KANSAS, et al.,

                       Defendants.

## ORDER

This is an employment case in which plaintiff alleges defendants violated her rights under the Uniformed Services Employment and Reemployment Rights Act ("USERRA").[1] Plaintiff has filed a motion (ECF No. 109) asking the court to compel defendant City of Wichita, Kansas to produce: (1) position statements defendant submitted to the Kansas Human Rights Commission ("KHRC") regarding plaintiff, and (2) written correspondence between defendant and the KHRC regarding plaintiff. Defendant objects to the production on relevancy grounds. Because the court finds the discovery relevant, plaintiff's motion to compel is granted.

Fed. R. Civ. P. 26(b)(1) sets broad parameters for discovery. "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

---

[1] On April 26, 2017, the presiding U.S. District Judge, Eric F. Melgren, entered a memorandum and order (ECF No. 95) dismissing plaintiff's non-USERRA claims.

1

proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable."[2] Information is relevant if it "'bears on, or . . . reasonably could lead to other matter that could bear on,' any party's claim or defense."[3]

On or about April 19, 2017, plaintiff served defendant with her second request for production of documents.[4] Request No. 72 asks defendant to produce "[a]ll position statements [defendant] submitted to Kansas Human Rights Commission regarding Plaintiff."[5] Request No. 73 seeks "[a]ll written correspondence between [defendant] and Kansas Human Rights Commission regarding Plaintiff."[6]

Defendant claims the documents sought are irrelevant to the USERRA claims at issue in this lawsuit because plaintiff's KHRC charges against defendant asserted race, gender, age and disability discrimination, and "had nothing to do with [plaintiff's] military status."[7] Defendant notes that the KHRC charges were not an administrative

---

[2] Fed. R. Civ. P. 26(b)(1).

[3] *Duffy v. Lawrence Mem'l Hosp.*, No. 14-2256, 2017 WL 495980, at *3 (D. Kan. Feb. 7, 2017) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer* and ruling the *Oppenheimer* standard still applicable after the 2015 Amendment to Rule 26(b)(1)).

[4] ECF No. 88.

[5] ECF No. 109-1 at 1.

[6] *Id.* at 2.

[7] ECF No. 113 at 2.

2

prerequisite to the USERRA claims in this case, and that the charges do not reference plaintiff's military status. Plaintiff argues that the facts and circumstances underlying the KHRC charge are substantially similar to the facts and circumstances giving rise to this suit. Specifically, plaintiff claims the KHRC charge "addresses unfair treatment and failure-to-promote," and that "the same promotion decisions are addressed in this lawsuit."[8]

The court gives no credence to defendant's argument that plaintiff's discrimination claims before the KHRC are "wholly unrelated" to the instant USERRA claims. Defendant ignores the overlapping facts giving rise to both sets of claims—specifically, defendant's alleged failure to promote plaintiff.[9] Indeed, defendant's written correspondence with the KHRC regarding plaintiff, including position statements, are plainly relevant to the conduct alleged in this suit, regardless of the specific charges to which the correspondence relates.

IT IS THEREFORE ORDERED that plaintiff's motion to compel is granted.

Dated June 8, 2017, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[8] ECF No. 109 at 1–2.

[9] Given these overlapping factual allegations, the court need not address the broader issue of whether information regarding other forms of discrimination by a defendant-employer is discoverable in a USERRA case.