UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANJELA GREER,

        Plaintiff,

v.                                          Case No. 16-1185-EFM

CITY OF WICHITA, KANSAS, et al.,

        Defendants.

## ORDER

    This is an employment case in which plaintiff, a security guard at the Wichita Art Museum ("WAM"), alleges defendants violated her rights under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") by failing to promote her to the position of Museum Operations Supervisor because of her membership, performance of service, and obligations as a member of the U.S. Navy Reserves. Defendant City of Wichita, Kansas ("the City") has filed a motion to reopen discovery for the limited purpose of issuing business-records subpoenas to plaintiff's past employers and educational institutions (ECF No. 123). Because the court finds good cause to modify the scheduling order to permit the limited additional discovery, the City's motion is granted.

    Under the scheduling order, discovery in this case closed on June 9, 2017.[1] Defendants deposed plaintiff over the course of two days, on May 30, 2017, and June 1,

---

[1] ECF No. 59.

2017.  During the first day of her deposition, plaintiff testified about unusual events that she witnessed at two former employers–one involving the illegal sale of drugs on multiple occasions, and the other involving homosexual activity between executives and payment made to plaintiff to *not* report to work.  Plaintiff also testified that she attended seven institutions for post-secondary education, more than she had noted on her job application with WAM.  On the second day of her deposition, the City asked plaintiff to sign release forms that would permit the City to obtain her education and employment-history records.  Plaintiff's counsel objected to the request as untimely, even though it was made before the discovery cut-off, because it was not made thirty days before the discovery cut-off.  Given that plaintiff has refused to voluntarily sign a release for the information, the City seeks to issue business-record subpoenas to plaintiff's past employers and post-secondary educational institutions under Fed. R. Civ. P. 45.

Plaintiff argues that any such subpoenas fall outside the discovery deadline.  The City does not dispute that Rule 45 subpoenas constitute discovery and are subject to the court's discovery deadlines.[2]  Instead, the City moves the court to modify the scheduling order to permit the limited additional discovery sought by the subpoenas.

A scheduling order may be modified only for good cause and with the court's consent.[3]  "Whether to extend or reopen discovery is committed to the sound discretion

---

[2] *See Hollis v. Aerotek, Inc.*, No. 14-2494, 2015 WL 6442582, *3 (D. Kan. Oct. 23, 2015).
[3] Fed. R. Civ. P. 16(b)(4).

of the trial court and its decision will not be overturned on appeal absent abuse of that discretion."[4]  In deciding whether to reopen discovery, relevant factors include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[5]

After considering these factors, the court finds that limited discovery should be reopened. Plaintiff opposes the motion, but otherwise the factors weigh in favor of the City's request to reopen discovery.

First, trial is not imminent; it is not set to begin for more than eight months.  Second, plaintiff has not suggested she would be prejudiced in any way by reopening discovery.  Third, the City was diligent in obtaining discovery within the guidelines established by the court, and scheduled plaintiff's deposition within the discovery period.  The importance of plaintiff's past employment and education records did not become apparent until plaintiff testified at her deposition about the facts discussed above.  Finally, the City has sufficiently demonstrated the records sought are likely to lead to relevant evidence.  The records could bear on whether plaintiff was qualified for the Museum Operations Supervisor position and on whether her submitted application was accurate.  They could also bear on the truth and veracity of plaintiff's potential trial testimony, as they may support–or not support–the testimony given by plaintiff in her deposition.

Therefore, the court finds good cause to modify the scheduling order to reopen discovery

---

[4] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).
[5] *Id.  See also Blair v. Transam Trucking, Inc.*, No. 09-2443, 2014 WL 5298171 (D. Kan. Oct. 15, 2014).

3

for the limited purpose of allowing the City to issue Rule 45 business-record subpoenas to plaintiff's past employers and educational institutions. The City must issue any such subpoenas within ten days of the filing of this order.

IT IS THEREFORE ORDERED that the City's motion to reopen discovery is granted. Plaintiff's objections to the City's business-record subpoenas (*see* ECF No. 120) are overruled.

Dated July 21, 2017, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge